**SUPREME COURT OF PENNSYLVANIA**
**CRIMINAL PROCEDURAL RULES COMMITTEE**

**ADOPTION REPORT**

**Adoption of Pa.R.Crim.P. 490.2 and 790.2**
**Amendment of Pa.R.Crim.P. 320, 490, 790, and 791**

On June 14, 2023, the Supreme Court adopted Pennsylvania Rules of Criminal Procedure 490.2 and 790.2 (providing procedures for expungement of complete acquittals), and amended Pennsylvania Rules of Criminal Procedure 320, 490, 790, and 791. The Criminal Procedural Rules Committee has prepared this Adoption Report describing the rulemaking process. An Adoption Report should not be confused with Comments to the rules. *See* Pa.R.J.A. 103, cmt. The statements contained herein are those of the Committee, not the Court.

In October of 2020, 18 Pa.C.S. § 9122 was amended to provide for the "automatic" expungement of criminal history record information when a judicial determination has been made that a person has been acquitted of an offense. *See* Act of Oct. 29, 2020, P.L. 718, No. 83 (hereinafter "Act 83"). As amended, § 9122(a)(4) requires a court to notify the parties that the case will be automatically expunged. After being notified, the Commonwealth has 60 days to object to the automatic expungement. Such objection is limited to whether a full acquittal occurred in the case. If an objection is raised, a hearing must be held.

In addition to amending 18 Pa.C.S. § 9122, Act 83 amended 18 Pa.C.S. § 9122.1 to require an individual seeking a limited access order to pay both restitution and a previously authorized fee before a court is permitted to grant the petition for limited access. Section 9122.1 was also amended to remove the requirement that a petitioner must meet all financial obligations of a sentence prior to a court granting the petition.

Preliminarily, "automatic" and "automatically," as used in 18 Pa.C.S. § 9122, indicate that expungement occurs without the need for a petition from the person acquitted when the requirements of the statute have been met. Automatic expungement does not, however, apply to a partial acquittal. Rather, it requires the person to have been "acquitted of all charges based on the same conduct or arising from the same criminal episode following a trial and a verdict of not guilty." 18 Pa.C.S. § 9122(a)(4).

To implement Act 83, the Court has adopted Rules 490.2 and 790.2 and amended Rules 320, 490, 790, and 791 to accommodate the new rules. Rule 490.2 provides for expungement of a summary charge after acquittal, while Rule 790.2 provides for expungement in a court case after a complete acquittal. Together, Rules 490.2 and 790.2

provide the necessary procedures for expungement when "a judicial determination has been made that a person is acquitted of an offense." 18 Pa.C.S. § 9122(a)(4).

For a rule providing for the automatic expungement of an acquittal in a summary case, the Committee first examined whether the expungement should be ordered by the magisterial district judge who decided the matter or by a common pleas judge. As Act 83 is silent on the question, the Committee reviewed prior policy in this area and noted that (1) there is no rule-governed motions practice in Chapter 4 (Procedures in Summary Cases) of the Rules of Criminal Procedure; and (2) the magisterial district courts are not courts of record. Additionally, common pleas judges have greater familiarity and experience with processing expungements — currently, all but truancy expungements are handled at the court of common pleas. Act 83 also requires that the Commonwealth be given an opportunity to object and that the court, upon the filing of an objection, conduct a hearing. *See* 18 Pa.C.S. § 9122(a)(4)(ii) – (a)(4)(iii). The closer proximity of district attorneys, courts of common pleas, and clerks of courts would increase the efficiency of this process. Consequently, the Committee concluded that expungements of summary acquittals should be entrusted to judges of the courts of common pleas. One exception is expungements of summary offenses in Philadelphia Municipal Court. Where an individual is acquitted of a summary offense in Municipal Court, the subsequent expungement would be processed by the Municipal Court as provided for by the new rule.

To implement the above, subdivision (a)(1) of Rule 490.2 requires the issuing authority to promptly "notify either the clerk of courts of the judicial district in which the charges were disposed or, if the charges were disposed of in the Philadelphia Municipal Court, the clerk of Municipal Court" of the acquittal. The clerk of courts or the clerk of Municipal Court then has ten days to provide notice to the defendant, defense counsel, if any, and the attorney for the Commonwealth pursuant to subdivision (a)(2). The required contents of that notice are enumerated in subdivision (a)(4). Subdivision (b)(1) of the new rule then provides the Commonwealth with 60 days to file an objection in the court of common pleas or in Philadelphia Municipal Court, whichever applies. Upon receipt of the Commonwealth's response, or no later than fourteen days after the 60 days has expired, the court shall either grant the expungement or schedule a hearing pursuant to subdivision (b)(2). If the Commonwealth does not object, the court must grant the expungement, and the order for expungement must contain the information enumerated in subdivision (c)(1). If the judge denies the expungement, subdivision (b)(5) requires the judge to enter an order stating the reasons for the denial. In either case, the judge shall issue the order granting or denying expungement in writing pursuant to subdivision (b)(6). Subdivision (c)(2) then directs the clerk of courts to serve a copy of the order on "each criminal justice agency identified in the court's order and to all other entities required to be notified by statute."

Rule 790.2 closely mirrors Rule 490.2 and implements procedures for the automatic expungement of criminal history record information when an individual is

2

acquitted in a court case. *See* Pa.R.Crim.P. 103 (Definitions) ("Court Case is a case in which one or more of the offenses charged is a misdemeanor, felony, or murder of the first, second, or third degree."). However, unlike Rule 490.2, the judge who presided over the acquittal is not required to provide notice to the clerk of courts of the acquittal as the clerk enters the acquittal on the docket as a matter of course, making notification unnecessary. Like Rule 490.2, if the acquittal occurs in Philadelphia Municipal Court, the expungement would be processed by the Municipal Court. In all other respects, Rule 790.2 complements Rule 490.2.

The addition of Rules 490.2 and 790.2 to the Rules of Criminal Procedure require corollary amendments to Rules 490 and 790. Rule 490 (Procedure for Obtaining Expungement in Summary Cases; Expungement Order) and Rule 790 (Procedure for Obtaining Expungement in Court Cases; Expungement Order) provide for the filing of a petition for expungement. The procedures outlined in those rules are not applicable where there has been a complete acquittal. Thus, subdivision (a)(1) of Rule 490 has been amended to except from that rule all expungements that fall within the ambit of Rule 490.2, and Rule 790.2 has been amended to except from that rule all expungements that fall within the ambit of Rule 790.2. Additionally, subdivision (c)(2) of both Rule 490 and Rule 790 have been amended to require the clerk of courts to serve a copy of the order "to all other entities required to be notified by statute." The Comments to those rules have been amended to explain:

> Subdivision (c)(2) requires the clerk of courts to serve each criminal justice agency identified in the court's order as well as all other entities required to be notified by statute. *See, e.g.*, 18 Pa.C.S. § 9122(a)(3) (requiring the expungement of all administrative records of the Department of Transportation relating to a conviction pursuant to 18 Pa.C.S. § 6308 when that conviction is ordered to be expunged).

The Comments to Rule 490 and Rule 790 have also been amended to provide references to all other expungement rules.

Finally, in light of the amendment of 18 Pa.C.S. § 9122.1, Rule 791 (Procedure for Obtaining Order for Limited Access in Court Cases; Order for Limited Access) has been amended to reflect the change in financial obligations that must be satisfied prior to a limited access order being granted by the court. As amended, § 9122.1 prohibits a court from entering an order "unless the person who filed the petition, upon payment of all court-ordered restitution, also paid the fee previously authorized to carry out the limited access and clean slate limited access provisions." 18 Pa.C.S. § 9122.1(a). The requirement that a defendant complete "each court-ordered financial obligation of the sentence" was deleted from § 9122.1(a) by Act 83. Thus, pursuant to the amendment of § 9122.1(a), a defendant needs to pay restitution and the fee imposed to cover the costs of the limited access and clean slate provisions, but not any other court-ordered financial obligations of

the sentence, such as a fine or court costs, prior to any petition for limited access being granted. These changes are reflected in the amendments to subdivisions (a)(2)(viii) and (c)(1)(viii) of Rule 791.

Two final amendments have been adopted to create uniformity among the expungement rules: subdivision (c)(2) of Rule 791 has been amended to require the clerk to serve a copy of the order "to all other entities required to be notified by statute"; and the title of Rule 320 has been amended from "Expungement Upon Successful Completion of ARD Program" to "Procedure for Expungement Upon Successful Completion of ARD Program."

The Committee published this proposal for comment. *See* 51 Pa.B. 5587 (September 4, 2021). Several commenters asked that the notice provisions of Rules 490.2 and 790.2 be amended to protect immigrant defendants "who may need access to records of acquittals in the future for non-criminal matters." According to these commenters, immigrant defendants applying for permanent residence, naturalization, or asylum may be required to provide proof of any criminal dispositions. To ensure immigrant defendants are provided the necessary proof, these commenters requested that a notice of expungement advising the defendant to get a certified copy of the case disposition as soon as possible for future immigration proceedings be sent to the defendant, defense counsel, and the attorney for the Commonwealth.

The Committee determined that this concern would best be addressed by requiring documentation of an acquittal to be provided to the acquitted defendant at the time of the acquittal rather than at the time of expungement. While requiring documentation to be provided at the time of an acquittal was beyond the scope of this proposal, such a requirement may be the subject of future rulemaking.

Another commenter requested that subdivision (a)(1) of Rule 490.2 provide a more specific timeframe within which an issuing authority must notify the clerk of courts or the clerk of Municipal Court. As published, subdivision (a)(1) of Rule 490.2 would require "the issuing authority [to] *promptly* . . . notify either the clerk of courts . . . or . . . the clerk of Municipal Court." The commenter noted that all other agencies are required to act within a specified time. In response, the Committee revised subdivision (a)(1) of Rule 490.2 to require the notice to be given "promptly, but no later than 20 days after acquittal[.]" The Committee believed that 20 days provided adequate time for the issuing authority to provide the required notice without introducing unnecessary delay.

The following commentary has been removed from Rule 490:

NOTE: Adopted September 22, 2010 effective in 90 days; amended November 1, 2016, effective November 14, 2016 amended March 1, 2019, effective July 1, 2019.

*Committee Explanatory Reports*:

Final Report explaining the September 22, 2010 promulgation of new Rule 490 providing the procedures for expungements in summary cases published with the Court's Order at 40 Pa.B. 5737 (October 9, 2010).

Final Report explaining the November 9, 2016 amendment regarding the stay of expungement when the Commonwealth has consented and petition and order forms published for comment at 46 Pa.B. 7439 (November 26, 2016).

Final Report explaining the March 1, 2019 amendment regarding expungement of summary offenses when the defendant is under 18 years of age published with the Court's Order at 49 Pa.B. 1121 (March 16, 2019).

The following commentary has been removed from Rule 790:

NOTE:  Adopted September 22, 2010 effective in 90 days; amended November 1, 2016, effective November 14, 2016.

*Committee Explanatory Reports*:

Final Report explaining the September 22, 2010 promulgation of new Rule 790 providing the procedures for expungements in court cases published with the Court's Order at 40 Pa.B. 5737 (October 9, 2010).

Final Report explaining the November 9, 2016 amendment regarding the stay of expungement when the Commonwealth has consented and petition and order forms published with the Court's Order at 46 Pa.B. 7439 (November 26, 2016).

The following commentary has been removed from Rule 791:

NOTE:  Adopted November 1, 2016, effective November 14, 2016.

*Committee Explanatory Reports*:

Final Report explaining new Rule 791 providing the procedures for orders for limited access in court cases published with the Court's Order at 46 Pa.B. 7439 (November 26, 2016).

These new rules and amendments become effective April 1, 2024.